IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIE STOKES** | : | |
| | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | **NO. 20-02192** |
| vs. | : | |
| | : | |
| **MARIROSA LAMAS, Superintendent,** | : | |
| **SCI Chester** | : | |
| | : | |
| *Respondent* | : | |

### AMENDED MEMORANDUM OF LAW IN SUPPORT OF
### WILLIE STOKES' PETITION FOR A WRIT OF HABEAS CORPUS

**AND NOW**, Willie Stokes, by and through his attorney, Michael J. Diamondstein, submits the following amended memorandum of law in support of his petition for a *Writ* of *Habeas Corpus*. Mr. Stokes avers as follows:

Mr. Stokes offers the within amended memorandum of law in preparation for the hearing scheduled for November 9th, 2021 at 10 a.m. During our last status conference, the parties framed the issue for the Court's determination. In essence, it appears that the parties agree on the issue and potential relief:

- If it is determined that Franklin Lee pled guilty to perjury for lying at Mr. Stokes' preliminary hearing by testifying that Mr. Stokes admitted to the murder of Leslie Campbell, then the District Attorney's Office had a constitutional duty to turn such exculpatory information over to Mr. Stokes.

- If such a duty was violated, as Mr. Lee's testimony was material[1], the proper remedy would be to grant *habeas* relief and vacate Mr. Stokes' conviction.

Mr. Stokes thereby respectfully submits that the only substantive issue that remains for the Court's determination is: did Mr. Lee plead guilty to perjury for testifying falsely at a preliminary hearing that Mr. Stokes admitted to killing Leslie Campbell? To that end, Mr. Stokes respectfully submits that the evidence is, as a matter of law, uncontroverted that he did in fact do so.

Pennsylvania Rule of Criminal Procedure 225(d) (which was in effect in 1984 and is the precursor to what is now Pa.R. Crim.P. 560) provided that "[i]n all court cases tried on an information the issues at trial shall be defined by such information." The Superior Court has held that the purpose of an Information is to give the defendant notice of the charge he has to defend. *Commonwealth v. McIntosh*, 328 Pa.Super. 255, 476 A.2d 1316 (1984).[2] Pursuant to Pa.R.Crim.P. 225(d), the Commonwealth was required to file an information which contained all charges on which a defendant was to be tried. An information constitutes the formal accusation necessary in a court case in counties which have abolished the grand jury system of formal charge. *See* Pa. Const., art. 1, §§ 9, 10; Pa.R.Crim.P. 225(d); *Commonwealth v. Speller*, 311 Pa.Super. 569, 458 A.2d 198 (1983).

It is axiomatic that the charges as specified in the Bills of Information are the charges against which the defendant has to defend at trial. "The indictment is the star and compass of a criminal trial," and it "must be a notification to the defendant of the charge he has to meet."

---

[1] In fact, Mr. Lee's testimony was the only truly inculpatory testimony offered at trial.

[2] For the within Amended Memorandum of Law, because the relevant issue is determining what weight to give to the Bills of Information to which Mr. Lee pled guilty, Mr. Stokes has endeavored to find cases that had been decided prior to or at the time of Mr. Stokes' case.

*Commonwealth v. Petrillo*, 338 Pa. 65, 77, 12 A.2d 317, 324 (1940). "In criminal trials, the proof offered by the Commonwealth must measure up to the charge made in the indictment." *Commonwealth v. Lambert*, 313 A.2d 300 (Pa. Super. 1973), *citing Commonwealth v. Aurick*, 342 Pa. 282, 291, 19 A.2d 920 (1941). When it does not, as in the case at bar, the conviction cannot stand. *Id.*

Pennsylvania Rule of Criminal Procedure 560 delineates the required contents of the information which includes "(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint." Pa.R.Crim.P. 560(B)(5). When the allegations in the Bill of Information are broader than the actual evidence at trial, there is no error. However, it should be noted that where the allegations in the Bill of Information specifically limits the proof of facts to be adduced at trial, the Commonwealth is not permitted to obtain a conviction on the offense charged by proof of facts other than those specified in the bill. *Commonwealth v. March*, 551 A.2d 232, 236 (Pa. Super. 1988). [3]

"A trial judge in a criminal case should never lose sight of the indictment. It has been aptly said that 'the indictment is the star and compass of a criminal trial.' Chitty on Criminal Law 238 states: 'All indictments ought to charge a man with a particular offense and not with being an offender in general.' 2 Hale Pl. Cr. says: 'The accusation ought to be identified.' An indictment

---

[3] The Bills of Information are so important that the Commonwealth must be sure to include within a large enough factual scenario to encompass its theory of the case. *See Commonwealth v. Russell*, 460 A.2d 316, (Pa. Super. 1983) (Commonwealth not required to specify in a burglary information what crime intended upon entry, but where such crime is specified, Commonwealth must prove requisite intent for that crime.); *Commonwealth v. Lewis*, 419 A.2d 544 (Pa. Super. 1980) (same); *Commonwealth v. Simione*, 447 Pa. 473, 291 A.2d 764 (1972) (where bill of particulars gave notice that charge was sale of drugs, and proof at trial showed distribution and not sale, evidence was inadmissible and judgment of sentence was reversed for failure to prove sale).

must be a notification to the defendant of the charge he has to meet." *Petrillo*, 338 Pa. at 77, 12 A.2d at 324.

Mr. Stokes respectfully submits, in the instant case, **as a matter of law** there can be no question as to upon what factual basis Mr. Lee pled guilty. The Bills of Information[4] proclaim:

> **THE DISTRICT ATTORNEY OF PHILADELPHIA COUNTY BY THIS INFORMATION CHARGES-**
>
> **FIRST COUNT-THAT ON OR ABOUT** MAY 30, 1984 **IN PHILADELPHIA COUNTY**
>
> FRANKLIN LEE
>
> **IN AN OFFICIAL PROCEEDING, UNDER OATH OR EQUIVALENT AFFIRMATION, FELONIOUSLY DID MAKE A FALSE STATEMENT, OR SWEAR OR AFFIRM THE TRUTH OF A STATEMENT PREVIOUSLY MADE, WHEN THE STATEMENT WAS MATERIAL AND THE DEFENDNAT DID NOT BELIEVE IT TO BE TRUE.**
>
> **OFFICIAL PROCEEDING** - - PRELIMINARY HEARING ON MAY 30, 1984
>
> **OATH OF EQUIVALENT AFFIRMATION** - - OATH SWORN TO BEFORE JUDGE KAFRISS [SIC]
>
> **FALSE STATEMENT** - - DEFENDANT STATED WILLIE STOKES TOLD HIM HE KILLED LESLIE CAMPBELL.
>
> **MATERIALITY** - - WILLIE STOKES WAS CONVICTED OF MURDER.

---

[4] *See* Exhibit A.

In preparation for the hearing, Mr. Stokes provided the Court with Exhibits A-F. For record purposes, said exhibits are attached hereto.

Page **4** of **8**

**BELIEF OF DEFENDANT - - DEFENDANT KNEW WILLIE STOKES HAD NOT MADE SUCH A STATEMENT.**

The "star and compass" of Mr. Lee's perjury plea is irrefutable and uncontradicted. The formal accusation returned by the Commonwealth alleges that Mr. Lee was being charged with Perjury for lying by testifying that Mr. Stokes admitted to murder. In Mr. Lee's Perjury case, the Commonwealth's plain and concise statement of the essential elements of the offense written on the Bills of Information were that Mr. Lee:

- At an official hearing; to wit a preliminary hearing on May 30th, 1984;[5]
- Swore an oath before a judge;
    - Wherein he offered the false statement that Mr. Stokes admitted to killing Leslie Campbell;
    - The statement was material because Mr. Stokes was convicted of Murder;
- Testified to the materially false statement while knowing that Mr. Stokes never uttered such statement.

Mr. Stokes respectfully submits that the Commonwealth's failure to stand behind his claim is immaterial. As a matter of law[6], his claim should prevail. Based upon the law of the Commonwealth of Pennsylvania at the time of Mr. Lee's plea, there can be no legitimate argument to the contrary: the Commonwealth returned Bills of Information charging Mr. Lee with Perjury for lying at the preliminary hearing by saying that Mr. Stokes admitted to a Murder when he did not in fact do so. The Bills of Information are signed by the prosecutor who issued them, the

---

[5] This was the date of Mr. Stokes' preliminary hearing. *See* Exhibit C.

[6] Mr. Stokes is aware that Mr. Lee is set to testify during the upcoming hearing. While Mr. Stokes believes that he will do so truthfully, Mr. Stokes respectfully submits that based on the arguments herein, this Honorable Court can and should grant the within petition without passing on Mr. Lee's credibility.

prosecutor who handled the plea, and the Judge who accepted the plea. The Bills of Information of Mr. Lee's perjury conviction are the *sine qua non* of his plea. They are the official court record of the proceeding. They are specific, unambiguous and control the determination of to what Mr. Lee pled. They are unassailable.

At the risk of sounding sophomoric, the issue "is what it is". The Bills of Information returned by the Commonwealth charged Mr. Lee, in no uncertain terms, with Perjury by lying at the preliminary hearing in saying that Mr. Stokes admitted to a murder when he did not in fact do so. There is no mechanism in the law that would allow the Commonwealth to come back, after nearly four (4) decades, and change history. The Commonwealth committed unforgiveable misconduct in 1984. They should not be able to escape the consequences of that deceit and treachery nearly forty (40) years later.

Mr. Stokes has spent over thirty-seven (37) years in jail for a homicide that he did not commit. As a matter of law, Mr. Lee pled guilty to lying about Mr. Stokes' admission and the Commonwealth hid that fact for nearly four (4) decades. The magnitude of the misconduct cannot be measured in the days or even the years of one man's life. It should be measured in the collective outrage of a city whose police department and District Attorney's Office routinely made a mockery of our constitution, our freedoms and our very way of life.

The Commonwealth stole thirty-seven (37) years of Mr. Stokes' life. Mr. Stokes' beseeches this most Honorable Court to right this most horrific, unspeakable of wrongs forthwith. A *Writ of Habeas Corpus* vacating this conviction would be the first step to finally offering Justice for Mr. Stokes and his family.

**WHEREFORE**, Willie Stokes prays that this Honorable Court will grant the within *Writ of Habeas Corpus*.

Respectfully submitted,

*/s/ Michael J. Diamondstein*
**MICHAEL J. DIAMONDSTEIN**
**Attorney for Willie Stokes**
Two Penn Center, Suite 900
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19102
(215) 940-2700
mjd@michaeldiamondstein.com

## CERTIFICATE OF SERVICE

I hereby certify that this petition was served on the following individuals in a manner consistent with governing law:

**The Honorable Carol Sandra Moore Wells**
U.S. District Court, Eastern District of Pennsylvania
601 Market Street, Room 3020
Philadelphia, PA 19106

**David Napiorski, ADA**
Office of the District Attorney
3 South Penn Square
Philadelphia, Pennsylvania 19107

                                         **Respectfully submitted,**

Dated: October 20th, 2021          /s/ *Michael J. Diamondstein*
                                           **MICHAEL J. DIAMONDSTEIN**
                                           **Attorney for Willie Stokes**
                                           Two Penn Center, Suite 900
                                           1500 John F. Kennedy Boulevard
                                           Philadelphia, Pennsylvania 19102
                                           (215) 940-2700
                                           mjd@michaeldiamondstein.com